UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JAVUNTE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:22-cv-02625-SHM-tmp |
| ) | |
| SHELBY COUNTY JAIL and ) | |
| DR. YACEY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART; AND
GRANTING LEAVE TO AMEND THE CLAIMS DISMISSED WITHOUT PREJUDICE**

On September 15, 2022, Plaintiff Javunte Johnson filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) When Johnson filed the complaint, he was incarcerated at the Shelby County Correctional Center (the "SCCC"), in Memphis, Tennessee. (*Id*. at PageID 2; ECF No. 1-1 at PageID 4.) On October 14, 2022, the Court granted leave to proceed *in forma pauperis*. (ECF No. 5.)

In the complaint, Johnson alleges that he developed type 2 diabetes and high blood pressure (the "Conditions") "wh[ile] [he] [has] been house[d] at Shelby County Jail [at] 201 Poplar Avenue [in] Memphis, Tennessee." (ECF No. 1 at PageID 2.) Johnson does not allege the specific date(s) when the Conditions arose. Johnson alleges that he "is holding Shelby County Jail responsible for my injur[ie]s[,] pain[,] suffering[,] and stay in the hospital [for] 9 to 10 days." (*Id*.) Johnson sues: (1) the Shelby County Jail (the "SCJ"); and (2) "Dr. Yacey." (*Id*. at PageID 1-2.) Johnson seeks "a million dollars firm for my injur[ie]s with [the] State of Tennessee." (*Id*. at PageID 3.)

The complaint (ECF No. 1) is before the Court.

For the reasons explained below: (1) the complaint (ECF No. 1) is DISMISSED WITH PREJUDICE in part and WITHOUT PREJUDICE in part; and (2) leave to amend the claims dismissed with prejudice is GRANTED.

## I.   LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383

(quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II.  REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Johnson sues under 42 U.S.C. § 1983.  (ECF No. 1 at PageID 1.)  To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III.  ANALYSIS

### A.  Claim Against The SCJ

To the extent Johnson alleges a claim under § 1983 against the SCJ, the complaint fails to state a claim to relief as a matter of law.  Under § 1983, a jail is not a "person" subject to suit.  *Marbry v. Corr. Med. Serv.*, 238 F.3d 422 (table), No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000).  Johnson's claim against the SCJ is DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

### B.  Claim Against Dr. Yacey

In the complaint, the only mention of Dr. Yacey is in the list of Defendants.  (*See* ECF No. 1 at PageID 1-2.)  Johnson does not allege facts demonstrating Dr. Yacey's personal involvement in Johnson's development of, or medical care for, the Conditions.  (*See id.*)  Johnson also fails to allege whether Dr. Yacey was employed with the SCJ or with an outside medical provider when Johnson experienced the Conditions.  (*See id.*)

3

To establish liability under § 1983 against an individual defendant acting under color of state law, a plaintiff must show that the defendant was "personally involved" in the unconstitutional incident. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014) (a plaintiff must allege facts demonstrating that each defendant he seeks to hold liable, through that defendant's own actions, has violated plaintiff's constitutional rights); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish § 1983 liability"); *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) (personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983 because "each defendant's liability must be assessed individually based on his own actions"). Johnson alleges no facts in the complaint about Dr. Yacey that satisfy this standard.

Johnson does not allege any facts demonstrating that Dr. Yacey: (1) is a state actor, or "person", subject to liability under § 1983; and (2) was (a) personally involved in, or (b) contemporaneously aware and dismissive of, Johnson's development of, or medical care for, the Conditions in a manner that violated federal constitutional law. Nowhere in the complaint does Johnson mention Dr. Yacey other than naming Dr. Yacey as a Defendant. "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004).

For these reasons, Johnson's claim under § 1983 against Dr. Yacey is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

IV.   **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other

circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend the claims dismissed without prejudice, under the conditions set forth below.

V.      **CONCLUSION**

For the reasons set forth above:

A.      Johnson's claim in the complaint (ECF No. 1) against the SCJ is DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend the claim in the complaint against the SCJ is DENIED.

B.      Johnson's claim in the complaint against Dr. Yacey is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend the claim in the complaint against Dr. Yacey is GRANTED.

      C.      An amended pleading must be filed within twenty-day (21) days of the date of this Order and must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Johnson's claims. An amended complaint supersedes the initial complaint and must be complete in itself without reference to the prior pleadings. Johnson must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amended complaint. All claims alleged in an amended complaint must arise from the facts alleged in the initial complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Johnson decides to amend his claims, he must use the "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983" form.[1] If Johnson fails to file an amended complaint within the time specified, the Court will dismiss the complaint with prejudice in its entirety and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

      IT IS SO ORDERED, this *18th* day of April, 2025.

      /s/ *Samuel H. Mays, Jr.*
      SAMUEL H. MAYS, JR.
      UNITED STATES DISTRICT JUDGE

---

[1] *See* https://www.tnwd.uscourts.gov/sites/tnwd/files/CivilRightsComplaint.pdf (last accessed Mar. 24, 2025).